[Cite as *State v. Owens*, 2012-Ohio-4393.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 11CA104 |
| PELMER OWENS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Common
Pleas Court, Case No. 2010-CR-063H

JUDGMENT:    Affirmed in part; Reversed in part; and
Remanded

DATE OF JUDGMENT ENTRY:    September 25, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JAMES J. MAYER, JR.                  DAVID J. LONGO
PROSECUTING ATTORNEY            P. O. BOX 2082
RICHLAND COUNTY, OHIO           Sandusky, Ohio 44871

BY: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1}   Defendant-appellant Pelmer Owens appeals his conviction entered by the Richland County Court of Common Pleas on two counts of complicity to breaking and entering and one count each of complicity to theft and possession of criminal tools. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On January 17, 2010, a theft of copper cable occurred at the Century Link facility on Ashland Road in Mansfield, Ohio.  An unidentified witness who observed the events called 911 and stated he observed a dark blue truck with a "Dale Jr. Number 8" sticker in the rear window.  He reported two white males were in the Century Link facility cutting wire, and a dark truck with the described sticker was slowly circling the block. The truck returned, and the individuals loaded the copper wire into the bed of the truck. All of the wire could not be loaded into the truck at one time so some was left in the grass.

{¶3}   A few hours later, Appellant and two accomplices arrived at the scene with a truck matching the identification of the truck indicated on the 911 call.  They started moving the previously left cut wire from the grass to the pavement.  Appellant then returned with the truck.  Members of the Mansfield Police Department arrested the accomplices after a short chase on foot.  Appellant was pulled over less than a mile away.  During an inventory search of the truck, bolt cutters were found containing rubber residue and copper shavings.

{¶4}  The Richland County Grand Jury indicted Appellant on two counts of aiding and abetting breaking and entering, in violation of R.C. 2911.13(B), felonies of the fifth degree; aiding and abetting theft of items less than $5,000, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶5}  On August 29, 2011, prior to the commencement of trial, Appellant moved the trial court in limine to exclude the recording of the 911 call, because the identity of the caller describing the truck used by the perpetrators was unknown.  Counsel for Appellant argued the contents of the recording should be excluded as hearsay.  The trial court denied the motion.

{¶6}  Appellant also moved the trial court in limine to exclude evidence of a prior, similar crime to which Appellant entered a plea of guilty in Wayne County, Ohio, in 2008.  Appellant's counsel argued the probative value of the prior offense was grossly outweighed by the prejudicial effect.  The trial court took the matter under advisement, subsequently ruling against Appellant.

{¶7}  At trial, the State called as its first witness a telecommunicator from the City of Mansfield, who identified the audio recording of the 911 call.  Appellant renewed the objection thereto, but the trial court allowed the introduction of the evidence.

{¶8}  The State also offered the testimony of Sergeant Rotolo of the Wooster Police Department.  Rotolo testified relative to a breaking and entering, theft and possession of criminal tools case to which Appellant entered a plea of guilty in Wayne County, Ohio.  The Wayne County case also involved the theft of cable from a fenced in storage yard owned by the same firm who owned the Mansfield yard.

{¶9} Following the presentation of evidence, the jury found Appellant guilty on all four counts. The trial court sentenced Appellant to twelve months for Counts 1, 3 and 4 and to eighteen months for Count 2, theft. The sentences for Counts 1 and 2 were run concurrently, and the sentences for Counts 3 and 4 were run concurrently; however, the trial court ordered the two sets run consecutively to each other for a total of thirty months incarceration. The trial court further ordered restitution in the amount of $12,046.00.

{¶10} Appellant now appeals, assigning as error:

{¶11} "I. THE TRIAL COURT VIOLATED THE DEFENDANT-APPELLANT'S CONFRONTATION RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS, IN ADMITTING INTO EVIDENCE A RECORDING OF A 911 CALL FROM AN ALLEGED BYSTANDER WHO DID NOT TESTIFY AT THE TRIAL, NOTWITHSTANDING APPELLANT'S MOTION IN LIMINE AND SUBSEQUENT, TIMELY OBJECTION.

{¶12} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING HIS SECOND MOTION IN LIMINE, AND ADMITTING HIGHLY DETAILED EVIDENCE OF A PRIOR, SIMILAR OFFENSE OVER HIS OBJECTION, WHERE THE PREJUDICIAL EFFECT OF THE EVIDENCE OUTWEIGHED ITS PROBATIVE VALUE, INASMUCH AS THE EVIDENCE TENDED TO ESTABLISH A MODUS O0PERANDI THAT WAS NOT UNIQUE TO APPELLANT, BUT COMMON TO NUMEROUS INDIVIDUALS.

{¶13} "III. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE PRISON TERMS."

I.

{¶14} In the first assignment of error, Appellant asserts the trial court erred in allowing the 911 recording. Specifically, Appellant argues the recording amounts to inadmissible hearsay and violates his constitutional right to confront the witness testifying against him.

{¶15} Ohio Evidence Rule 803(1) provides:

{¶16} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

{¶17} "(1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness."

{¶18} Here, the caller clearly was describing the events of the copper wire theft while he was perceiving them. We find nothing to suggest a lack of trustworthiness from the citizen informant, even though he was unidentified. Accordingly, we find the recording should not have been excluded under the hearsay rule.

{¶19} Appellant also argues the introduction of the 911 recording violates the Confrontation Clause of the U.S. Constitution as the caller did not testify at trial. The Confrontation Clause prohibits out-of-court testimonial statements "unless [the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 54 (2004).

{¶20} In *Davis v. Washington,* 547 U.S. 813 (2006), the Supreme Court described testimonial versus non-testimonial statements. The Court held "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances

objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 822. In Davis, the Supreme Court wrote that "the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." *Id.* at 827.

**{¶21}** If the statement is made under circumstances which would lead an objective witness reasonable to believe the statement would be available for use at a later trial, then the statement is testimonial. *State v. Stahl*, 111 Ohio St.3d 186 (2006).

**{¶22}** We find the statements made in the 911 recording were nontestimonial in nature. The 911 operator's primary purpose was not to establish or prove *past* events potentially relevant to later criminal prosecution. The caller was clearly reporting a current circumstance requiring police assistance, and any interrogation during the call while the crime was in progress was designed to enable immediate police response.

**{¶23}** The first assignment of error is overruled.

II.

**{¶24}** In the second assignment of error, Appellant maintains the trial court erred in admitting the testimony of Sergeant Rotolo of the Wooster Police Department as to Appellant's prior criminal history in committing a similar crime to that alleged herein.

**{¶25}** Ohio Evidence Rule 404(B) states,

{¶26} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶27} Appellant argued at trial he did not know what criminal activity was occurring on the second trip involving the theft of the copper wire. Accordingly, we find the State properly offered Appellant's prior criminal record to prove motive and intent. The prior conviction involved similar circumstances, including the same manner of entry, theft of the same item, use of the same tools, the same victim and the same co-defendants. All of these similarities impugn Appellant's claim of lack of knowledge and intent.

{¶28} The second assignment of error is overruled.

III.

{¶29} In the third assignment of error, Appellant argues the trial court erred in imposing consecutive sentences herein.

{¶30} As an initial matter, we note the trial court conducted the sentencing hearing herein on September 30, 2011. The trial court did not journalize the sentence until October 4, 2011. H. B. 86 went into effect on September 30, 2011. Accordingly, we find the trial court should have complied with the requirements of H.B. 86 in imposing consecutive sentences herein.

{¶31} In 2003, the Ohio Supreme Court held in *State v. Comer* 99 Ohio St.3d 463, 2003-Ohio-4165, a court may not impose consecutive sentences unless it "finds"

three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following H.B. 86. The revised version of the statute again requires the trial court to "find" enumerated factors.

{¶32} However, the Court in *Comer*, supra, read then R.C. 2929.14(E)(4) in conjunction with then 2929.19(B) to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

{¶33} "***

{¶34} "(c) if it imposes consecutive sentences under 2929.14…"

{¶35} H.B. 86 revised the statutory language in R.C. 2929.19(B), which now reads:

{¶36} "(B) At the sentencing hearing, the court, before imposing sentence, shall *consider* the record, any information presented…" (Emphasis added.)

{¶37} Accordingly, the rationale of *Comer* has been superseded by the revisions of H.B. 86. *Comer* held then 2919.19(B) read in conjunction with then 2929.14 clearly stated the legislative intent to require a trial court to make the statutorily enumerated findings and to give reasons supporting those findings. Here, revised R.C. 2929.19 does not require the trial court to make both findings <u>and</u> state its reasons for selecting the sentence imposed. Neither does R.C. 2929.14, as revised by H.B. 86, require the trial court to give its reasons for the sentence imposed. Rather, the statute clearly

states the trial court may impose a consecutive sentence if it "finds" the statutorily enumerated factors.

{¶38} Accordingly, pursuant to R.C. 2929.14, as revised by H.B. 86 in effect at the time of sentencing herein, the trial court was required to make the statutorily required findings prior to imposing consecutive sentences. The record does not demonstrate the trial court made the required findings. Accordingly, we remand the matter to the trial court for the limited purpose of resentencing.

{¶39} For the reasons set forth above, Appellant's convictions are affirmed but his sentence entered by in the Richland County Court of Common Pleas is vacated and the matter is remanded to the trial court for resentencing.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

THE STATE OF OHIO                    :

    Plaintiff-Appellee                    :

-vs-                                                   :                    JUDGMENT ENTRY

PELMER OWENS                        :

    Defendant-Appellant            :                    Case No. 11CA104

For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is affirmed in part; reversed in part; and remanded for the limited purpose of resentencing.  Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

s/ Julie A. Edwards
HON. JULIE A. EDWARDS